[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was initiated by the State of Connecticut before the Family Court Magistrate on an Application For Show Cause Order in Regard to Support Judgment pursuant to Conn. Gen. Stat. 46-172(b). The purpose of the action was to establish support payments for two children previously acknowledged by the defendant and affirmed by the plaintiff mother.
The defendant's counsel filed a Cross Complaint without an order and summons and a Motion to Transfer. The Motion to Transfer was granted by the Family Magistrate and the matter was set for hearing on the Superior Court family matter docket. CT Page 4539
The State of Connecticut filed a Motion to Dismiss claiming that a statutory action brought in accordance with Conn. Gen. Stat. 46b-172(b) is limited to support issues only and that this court lacks jurisdiction to expand the statute to include issues of custody and visitation. The State in its brief cites46b-61 as the proper statute governing the issue before this court. The State argues that the consequences of not initiating a separate action are:
 1) There is not a separate and distinct case with its return date and individual docket number.
 2) All issues the defendant wishes to be addressed, i.e. custody and visitation would be resolved in the new action. Family relation services would be available.
 3) That to expand the present original paternity action deprives the plaintiff of constitutional safeguards of due process of notice by summons and complaint.
The defendant argued to the court that to require him to initiate a separate action is unnecessarily duplicative. Two separate actions would be pending requiring further costs to the judicial system plus the costs to the defendant for a new filing fee and costs of service.
While it is attractive to just extend Conn. Gen. Stat. 46(b) 172 for the sake of efficiency and/or costs this court rejects such a notion. While the sharing of jurisdiction over family matters with the Family Magistrates can lead to confusion, further expansion of an action initiated in the Family Magistrate domain can only lead to further chaos at both the Family Magistrate and Superior Court levels.[1] While it may be more expedient to continue the same action, to do so would deprive the individual of a summons and notice of the pending action. In fact, in this case the plaintiff was not present during the hearing on this motion, nor was she personally served. Expanding a statute beyond it statutory mandate will deprive a party of their right to constitutional notice. It is not acceptable to the court. The motion to dismiss is granted.[2]
NORKO, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4547